IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAWRENCE BOOKER | * | |
| | * | |
| v. | * | Civil No. CCB-19-3158 |
| | * | |
| NATIONAL FALLEN FIREFIGHTERS | * | |
| FOUNDATION, *et al.* | * | |

* * * * *

**MEMORANDUM & ORDER**

On October 9, 2016, plaintiff Lawrence Booker allegedly tripped and fell because of a raised wire cover running across a walkway at the National Fallen Firefighters Foundation Memorial Weekend event. (ECF 4 ¶¶ 7–14). On September 18, 2019, Booker filed suit against the National Fallen Firefighters Foundation ("NFFF"), the Federal Emergency Management Agency ("FEMA"), and Omni Corporation ("Omni") alleging negligence against all defendants and negligent retention and hiring against FEMA.[1] (*Id.* ¶¶ 18–30). On July 30, 2020, defendant NFFF filed a third-party complaint against Premier Production Services ("Premier") for indemnification and contribution, alleging that Premier had been contracted to place the electrical wiring for the Memorial Weekend event. (ECF 29). Now pending is Booker's motion for leave to amend his complaint to add Premier as a direct defendant and to increase the ad damnum from $200,000 to $2,000,000.[2] (ECF 41).

Leave to amend should be freely granted under Rule 15(a), and amendments are generally accepted absent futility, undue prejudice, or bad faith. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th

---

[1] Booker voluntarily dismissed FEMA as a defendant, and FEMA was terminated from this action on January 21, 2020. (ECF 23).
[2] The court notes that Booker's redlined copy of the amended complaint leaves in the counts that were alleged against FEMA in the original complaint, even though FEMA has been dismissed as a defendant. (ECF 41-3). Booker does not, however, in his motion to amend seek to rejoin FEMA to this action. (ECF 41).

Cir. 2009) (explaining that leave to amend "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile").

Booker contends that all defendants and third-party defendants consent to the proposed increase in the ad damnum from $200,000.00 to $2,000,000.00. NFFF confirms its consent to this amendment in its response, (ECF 42 ¶ 2), Premier opposes the motion to amend, but only as to its addition as a direct defendant, (ECF 43), and Omni has not responded to the motion. It appears this amendment would not prejudice any opposing party. The court will grant Booker leave to amend the ad damnum.

As for Booker's request to add Premier as a direct defendant, Premier argues that amendment should be denied for undue delay; Premier also argues that amendment would be futile because the applicable statute of limitations has passed and Booker's claim against Premier does not relate back under Federal Rule of Civil Procedure 15(c). An amendment is futile when the proposed amended complaint would not satisfy the requirements of the federal rules, *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008), including when the proposed amendment would fail to state a claim under Rule 12(b)(6), *see id.* Ordinarily, a defense based on the statute of limitations is an affirmative defense, the merits of which cannot be reached at the pleadings stage, but a court may conclude that a plaintiff's claims are barred by the statute of limitations "if all facts necessary to the affirmative defense 'clearly appear on the face of the complaint.'" *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc) (quoting *Richmond, Fredericksburg &Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) (alterations omitted).

2

In Maryland, a negligence action must be filed within three years from the date it accrues. Md. Code Ann., Cts. & Jud. Proc. § 5-101. Booker alleges in the original and in the amended complaint that he was injured on October 9, 2016. (ECF 4 ¶¶ 7, 14; ECF 41-2 ¶¶ 8, 16). Accordingly, his claim accrued at that time. The three-year statute of limitations therefore had expired by the time Booker sought to amend his complaint in October 2020.[3] The court must, however, treat the amended complaint as if it had been filed on the date of the initial complaint, here September 30, 2019, within the statute of limitations, if it satisfies the requirements of the "relation back" doctrine. *See* Fed. R. Civ. P. 15(c). Under Rule 15(c)(1)(C), an amendment that changes or adds a party to a suit relates back to the date of the original pleading if (1) the claim in the amended complaint arose out of the same occurrence that formed the basis of the claim in the original complaint; (2) "within the time period provided by Rule 4(m) for serving the summons and complaint" the party to be brought in by the amendment received notice of the action such that it would not be prejudiced in maintaining a defense to the claim; and (3) within the same time period, the party knew or should have known that it would have originally been named a defendant "but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C); *see also Goodman*, 494 F.3d at 467.[4]

Booker's claim against Premier arises out of the same occurrence that formed the basis of the original complaint—his alleged fall at the NFFF Memorial Weekend event in 2016. (ECF 41-2 ¶¶ 8–16). Relation back thus depends on when Premier had notice of the action and when (if at

---

[3] The motion to amend also was filed approximately two months after the deadline set in the court's scheduling order. (*See* ECF 28).

[4] Booker's amendment cannot relate back under Fed. R. Civ. P. 15(c)(1)(A) which allows relation back if "the law provides that the applicable statute of limitations allows relation back," because Maryland law permits the addition of a new defendant after the limitations period only to correct the name of a defendant and not, as Booker seeks to do here, to add an entirely new party. *See White v. Date Trucking, LLC*, No. CV ELH-17-1177, 2018 WL 999963, at *2 (D. Md. Feb. 21, 2018) (citing *Hansberger v. Smith*, 229 Md. App. 1, 23 (2016), *cert. denied* 450 Md. 430 (2016)). Unpublished opinions are cited for the persuasiveness of their reasoning and not for any precedential value.

all) it knew or should have known that it would have been named as a defendant but for a mistake. The focus is on what the prospective defendant knew or should have known within the ninety-day Rule 4(m) period following the original complaint, not what the plaintiff knew or should have known at that time. *Krupski v. Costa Crociere S.p.A*, 560 U.S. 538, 548 (2010).

      Booker provides no facts in his motion to support a finding that Premier had notice of the action before NFFF filed its third party complaint against Premier on July 30, 2020, which was well beyond both the Rule 4(m) period and the statute of limitations. Nor is it clear how Premier should have known within that period that absent some mistake concerning the proper party's identity, the action would have been brought against it. The required knowledge will generally be imputed to the proposed defendant if the complaint makes clear that the defendant is the entity the plaintiff meant to sue (regardless of the party the plaintiff mistakenly identifies) or where the named and the true party are sufficiently related corporate entities. *See Krupski*, 560 U.S. at 554–56 (cruise carrier Costa Crociere should have known that it was not named only because of a misunderstanding where the complaint made clear that the plaintiff meant to sue the company that operated the ship on which she was injured and not the related corporate entity, Costa Cruise, responsible for the carrier's North American sales); *Goodman*, 494 F.3d at 474–75 (subsidiary company Praxair Services should have known that it had not been named because of the plaintiff's mistake where the complaint named the parent company but described in the complaint an intent to sue a third company's successor in interest, a status which described Praxair Services and not its parent). Here, there is no indication of any corporate interrelationship between Premier and any other named defendant, nor would the complaint's allegations have put Premier on notice that it was meant to be included as a defendant. The complaint names NFFF, Omni, and FEMA as those responsible for Booker's injuries and gives no indication that any

additional actor was involved in the event or the accident. (*See* ECF 4 ¶¶ 7–17). *See, e.g.*, *White*, 2018 WL 999963, at *3–4 (motion to amend complaint to add defendant after the statute of limitations ran denied where no factual allegations in the complaint should have given notice to the proposed defendant that he was meant to be a party).

Accordingly, it is hereby ORDERED that:

1. Booker's motion to amend the complaint (ECF 41) is GRANTED in part and DENIED in part;
2. Booker may amend the complaint to increase the ad damnum from $200,000.00 to $2,000,000.00;
3. Third-party defendant Premier may not be added as a direct defendant; and
4. Booker shall file and serve on all parties (1) a clean copy of the amended pleading as permitted by this Order and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type.


  2/11/2021　　　　　　　　　　　　　　　　　　　　　　　/S/　　　　　　　
Date                                             Catherine C. Blake
                                                 United States District Judge